UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATILDE AMARCHAND,

    Plaintiff,

vs.                                              Case No. 8:15-cv-02051-T-27AEP

CITIMORTGAGE, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant CitiMortgage, Inc.'s Motion to Dismiss Amended Complaint (Dkt. 23), and Plaintiff's response (Dkt. 25). Upon consideration, Defendant's motion is **DENIED**, except that the motion is **GRANTED** as to Plaintiff's prayer for statutory damages.

### *Standard*

A complaint must "plead all facts establishing an entitlement to relief." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).

### *Discussion*

Plaintiff alleges that Defendant violated 12 C.F.R. § 1024.41 by failing to timely review her loss mitigation application and by failing to suspend foreclosure activity while processing her loss mitigation application. (*Id.* ¶¶ 17–21, 26–27). Defendant moves to dismiss the Amended

1

Complaint on several grounds: (1) Plaintiff was not living at the Hunt Club residence at the time she filed the loss mitigation application, (2) Plaintiff has failed to allege that it was her first complete loan mitigation application, (3) the facts alleged by Plaintiff do not state a claim for a violation of 12 C.F.R. § 1024.41, and (4) Plaintiff failed to adequately allege actual damages.

As for Defendant's first argument, Plaintiff concedes that she moved out of the Hunt Club residence before she filed the subject loss mitigation application, but alleges that the Hunt Club residence was her primary residence when she obtained the loan (Dkt. 20 ¶¶ 10, 12). She contends that for purposes of RESPA, the "relevant question is the purpose for which the mortgage loan was made," relying on a TILA case, *Smith v. Russellville Prod. Credit Ass'n.*, 777 F.2d 1544 (11th Cir. 1085) (Dkt. 25, p. 5).

The only court that appears to have considered a similar issue found that the requirements of 12 C.F.R. § 1024.41 apply if the original loan was obtained for the borrower's principal residence, even after the borrower has moved out. *See Barrett v. Green Tree Servicing, LLC*, 2014 WL 6809203, at *3 (S.D. Ohio Dec. 2, 2014) (citing *Smith v. Russellville Prod. Credit Ass'n*, 777 F.2d 1544, 1549 (11th Cir. 1985)). While this Court has some doubt whether the protections afforded by RESPA apply here, particularly considering that the regulations under which Plaintiff sues exist to "help borrowers stay in their principal residence, where possible," for purposes of Defendant's motion, it cannot be said that Plaintiff's claim has no facial plausibility with respect to this issue.

Defendant's second argument is more problematic, and troublesome. Notwithstanding that Defendant initially argued that Plaintiff's complaint was deficient in failing to allege that the subject loss mitigation application was Plaintiff's first, Plaintiff failed to address that in her

2

Amended Complaint. In her response to Defendant's current motion to dismiss, she does not even acknowledge that the regulations only apply to a single complete loss mitigation application. Indeed, Defendant contends that this is Plaintiff's third loss mitigation application, and that Plaintiff "told the state court CitiMortgage's alleged violations occurred on her third loss mitigation application." (Dkt. 23, p. 6). But of course, at this stage, the court is constrained to consider only Plaintiff's well-pled allegations.

The applicable regulation requires a servicer to accept and process only one complete loss mitigation application. 12 C.F.R. § 1024.41(i) ("A servicer is only required to comply with the requirements of this section for a *single* complete loss mitigation application for a borrower's mortgage loan account.") (emphasis added). *See* Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. 10696-01, 10836 (Feb. 14, 2013) ("The [Consumer Financial Protection] Bureau believes that it is appropriate to limit the requirements in § 1024.41 to a review of a single complete loss mitigation application. Specifically, the Bureau believes that a limitation . . . to a single complete loss mitigation application provides appropriate incentives for borrowers to submit all appropriate information in the application . . . .").[1]

While Plaintiff has not alleged that the subject loss mitigation application was her only application, for purposes of the motion to dismiss, her allegations are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. at 678. Without considering matters beyond the four corners of the Amended

---

[1] The Bureau also explained that it was adopting the rule as proposed, agreeing with "a trade association [that] supported the Bureau's proposal stating that it would ensure that adequate time and resources are devoted to borrowers applying for the *first* time for a loss mitigation option." (emphasis added). *Id.*

Complaint, her claim has facial plausibility.[2] Defendant's contention is better raised as an affirmative defense and dispositive motion.

Lastly, Defendant's contention that the Amended Complaint fails to allege a sufficient factual basis for an award of statutory damages is well taken. Plaintiff's conclusory allegations in ¶¶ 28 and 45 are not supported by factual allegations. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. at 679.

Defendant shall answer the Amended Complaint within fifteen (15) days.

**DONE AND ORDERED** this 8th day of March, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[2] Whether the subject application was Plaintiff's first, and whether a regulatory exception applies, cannot and will not be addressed today. Counsel for the parties are reminded, however, of the provisions of Rule 11, Fed.R.Civ. Pro.:
(B) Representations to the Court. By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .